THE HONORABLE _____

1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
9                 **AT SEATTLE**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>            Plaintiff,<br><br>    v.<br><br>DINAV HOLDING, INC., a Florida Corporation; JONATHAN DIAZ, as President of DINAV HOLDING, INC., individually and on behalf of his marital community; and  JUAN CARLOS DIAZ, as Vice President of DINAV HOLDING, INC., individually,<br><br>            Defendants. | NO.<br><br>COMPLAINT FOR INJUNCTIVE AND ADDITIONAL RELIEF UNDER THE TELEPHONE CONSUMER PROTECTION ACT; THE COMMERCIAL ELECTRONIC MAIL ACT; AND THE CONSUMER PROTECTION ACT |

10

11

12

13

14

15

16

17

18

19

20        **COMES NOW**, Plaintiff, State of Washington ("the State"), by and through its

21 attorneys Rob McKenna, Attorney General, and Paula Selis, Senior Counsel, and brings this

22 action against Defendants named herein under the Telephone Consumer Protection Act

23 (TCPA), 47 U.S.C. § 227. As part of the same case or controversy, the State also brings this

24 action pursuant to The Washington State Commercial Electronic Mail Act (CEMA), RCW

25 19.190 and The Washington Consumer Protection Act (CPA), RCW 19.86. The State seeks a

26

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
TCPA,CEMA, AND CPA
PAGE-1
CASE NO.

permanent injunction and other equitable relief, including restitution, civil penalties and attorneys' fees, based on Defendants' violations of the aforementioned statutes.   The State alleges the following on information and belief:

## I.      JURISDICTION AND VENUE

1.1     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 47 U.S.C. § 227(g)(2).

1.2     Venue in this district is proper under 28 U.S.C. § 1391.  A substantial portion of the complained-of acts have occurred in King County and elsewhere in the Western District of Washington.

## II.      PARTIES

2.1     The State is authorized by 47 U.S.C. § 227(g)(1) to file actions in federal district court to enjoin violations of the TCPA, to seek recovery for actual monetary loss or damages of up to $500 per violation on behalf of Washington residents, and to obtain such further and other relief as the Court may deem appropriate, including treble damages and attorneys' fees.  The State is authorized by RCW 19.86.080 to enjoin violations of the CPA, obtain restitution on behalf of persons harmed by such violations, and obtain further and other relief as the Court may deem appropriate, including civil penalties and attorneys' fees.  The State is also authorized to file actions enjoining violations of CEMA and to seek damages of $500 per violation of its provisions pursuant to RCW 19.190.040.

2.2     Defendant Dinav Holding, Inc. is a for-profit Florida corporation.  Its principal place of business is located at 3049 Getty Way, Apartment 104, Orlando, Florida  32835-2485.

It transacts or has transacted business in the state of Washington and in the Western District of Washington.

2.3    Jonathan Charles Diaz is the President of Defendant Dinav Holding, Inc. and as such, controls its policies, activities, and practices, including those alleged in this Complaint. Defendant Jonathan Charles Diaz is married to Jessica Lynn Harper and together they constitute a marital community. All actions taken by Defendant Jonathan Charles Diaz as alleged in the Complaint herein are for the benefit of his marital community. Defendant Jonathan Charles Diaz resides at 4500 Oakcreek St. #114, Orlando Florida 32835. Defendant Jonathan Charles Diaz transacts or has transacted business in the state of Washington and in the Western District of Washington.

2.4    Juan Carlos Diaz is the Vice President of Defendant Dinav Holding, Inc. and as such, controls its policies, activities, and practices, including those alleged in this Complaint. Defendant Juan Carlos resides at 8405 Waialae Ct., Orlando Florida 32811. Defendant Juan Carlos transacts or has transacted business in the state of Washington and in the Western District of Washington.

### III.    FACTS

3.1    Defendants Dinav Holding Inc., Jonathan Charles Diaz and Juan Carlos Diaz (hereinafter "Defendants") are responsible for an aggressive marketing campaign that used an automatic telephone dialing system to send unsolicited commercial text messages to Washington residents.  During May 2012, Defendants sent tens of thousands of unsolicited text messages to Washington-based cellular phones.  These messages advertised cash loans that would be available "in minutes," and encouraged the recipients to click on a hypertext link to a

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
TCPA,CEMA, AND CPA
PAGE-3
CASE NO.

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

web site to apply for the loans.  The following is an example of one of Defendants' unsolicited text messages:



Figure 1

3.2     The commercial text messages sent by Defendants displayed the originating telephone number of the message.  Defendants used at least two Orlando, Florida-based numbers from which they sent the messages: (407) 797-1051 and (407) 748-3393.  The automatic telephone dialing system used by Defendants dialed more than one Washington-based cellular telephone number per second, resulting in hundreds of unsolicited commercial text messages being sent to Washington consumers in only a matter of minutes, and tens of thousands for the total duration of time the messages were sent.

3.3     The telephone system employed by Defendants to send these messages stored consumers' numbers automatically, and subsequently dialed the numbers automatically without human intervention. The numbers were sequentially generated; thus a Washington area code and prefix were dialed, followed by the final four numbers of the telephone number, after

1   which the next call would be made with the same area code and prefix, but the final four digits

2   of the number would vary by the addition of three or four.  For example, Defendants called the

3   206 area code followed by a prefix, with the final four digits of 8867.  The next number called

4   would contain the same 206 area code and prefix, but the final four digits would be 8870.

5   3.4   The system used by Defendants to send commercial text messages to

6   Washington consumers had the capacity to, and actually did "store or produce telephone

7   numbers to be called using a random or sequential number generator" and was therefore an

8   "automatic telephone dialing system" as that term is defined by the TCPA.   47 U.S.C §

9   227(a)(1)(A) and (B).

10   3.5   Washington consumers who received commercial text messages from

11   Defendants had no effective means to avoid their receipt. For the consumers who subscribe to

12   cellular telephone plans that require payment for the receipt of cellular texts, the receipt of

13   Defendants' text messages resulted in their actually incurring charges.   For those who

14   subscribe to plans that allow a certain number of free text messages, but which charge after

15   that limit is reached, Defendants' text messages brought those consumers closer to their limit.

16   For all consumers who received Defendants' messages, including those whose plans permit

17   unlimited free text messages, Defendants' messages invariably caused them to lose some of the

18   finite storage capacity of their cellular telephones until they examined the message to

19   determine that it was unsolicited, and then took affirmative steps to delete it.   None of the

20   consumers who received Defendants' messages had provided their cellular telephone numbers

21   to Defendants for the purpose of receiving commercial electronic text messages, nor did any of

22   them provide prior express consent to receiving such messages.

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
TCPA,CEMA, AND CPA
PAGE-5
CASE NO.

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

3.6     If the recipient of Defendants' commercial text messages clicked on the hypertext link in the commercial text message, he or she was directed to Defendants' web site, www.5minutespeedloan.com. The web site contained a loan application form that the consumer was directed to fill out, in order to "get cash now." As the consumer viewed the web site, it displayed a rotating series of four pages, each of which contained the loan application form, as well as advertising which differed according to the page. Representative examples of the www.5minutespeedloan.com rotating pages are as displayed below in Figures 2 and 3.



Figure 2

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
TCPA,CEMA, AND CPA
PAGE-6
CASE NO.

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

Figure 3

3.7      If the consumer fills out the information in the online application form, he or she is redirected to a page with a more comprehensive online application form which requires that the consumer fill in his or her bank name, account number, routing number, Social Security number and other personally sensitive information. The form states "No faxing, No credit check, 100% Accepted."  A copy of the form is displayed in Figure 4 below:

///

///

///

///

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
TCPA,CEMA, AND CPA
PAGE-7
CASE NO.

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

1
2
3
4
5
6
7
8
9
10
11
12
13
14



15

Figure 4

16

17    3.8    When the consumer submits the form by clicking on a large orange button that

18  states "Send Me Cash!" he or she is directed to another web page that displays a banner stating

19  "CONGRATULATIONS!  You Have Been Matched With The Best Loan Providers in

20  Washington."   A series of payday loan providers is listed, and the consumer is given the

21  option of applying to any of them for a loan. A "click to apply" button is displayed next to each

22  of the loan providers named.

23    3.9     The payday loan providers listed, which include FastLoans in I Hour, Plain

24  Green and Prime Cash Alliance, are not licensed to make small loans in accordance with the

25  provisions of RCW 31.45.073, which prohibits engaging in the business of making small loans

26

COMPLAINT FOR INJUNCTIVE AND                          ATTORNEY GENERAL OF WASHINGTON
ADDITIONAL RELIEF UNDER THE                                    Consumer Protection Division
TCPA,CEMA, AND CPA                                              800 Fifth Avenue, Suite 2000
PAGE-8                                                          Seattle, WA  98104-3188
CASE NO.                                                            (206) 464-7745

in Washington without obtaining a small loan endorsement from the director of financial institutions for the State of Washington.

3.10    Defendants are in competition with others in the State of Washington engaged in the advertising of payday loans.

## IV.    VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

4.1    Plaintiff realleges paragraphs 3.1 through 3.10 and incorporates them herein as if set forth in full.  The TCPA makes it unlawful "to make any call, (without prior consent)…to any telephone number assigned to a…cellular telephone service…" using an automated telephone dialing system (ATDS).   47 U.S.C § 227(b)(1)(A)(iii).   An ATDS is defined as "equipment that has the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47. U.S.C § 227(a)(1)(A)and(B).  The Ninth Circuit has held that a text message qualifies as a "call" under the TCPA.  Satterfield v. Simon and Schuster, Inc. 569 F.3d 946, 952 (9th Cir. 2009)

4.2    Defendants, directly or through others acting as their agents, used an ATDS to call telephone numbers assigned to cellular telephone services, in order to send commercial text messages. The Washington consumers who received Defendants' text messages did not give their prior express consent to receive them.  Accordingly, Defendants have violated 47 U.S.C § 227(b)(1)(A)(iii).

4.3    The State seeks to enjoin further violations of 47 U.S.C § 227(b)(1)(A)(iii)and to obtain money damages of $500 per violation on behalf of the residents of the State in an amount to be proven at trial pursuant to 47 U.S.C § 227(g)(1).

4.4      Plaintiff seeks an award of aggravated damages pursuant to 47 U.S.C §

227(b)(1)(A)(iii) in an amount to equal three times the amount otherwise available, on the basis

that Defendants committed the violations described herein willfully and knowingly.

## V.      VIOLATIONS OF WASHINGTON'S COMMERCIAL ELECTRONIC MAIL ACT AND CONSUMER PROTECTION ACT

5.1      Plaintiff realleges Paragraphs 3.1 through 4.4 and incorporates them herein as if

set forth in full.

5.2      CEMA prohibits initiating or assisting in "the transmission of an electronic

commercial text message to a telephone number assigned to a Washington resident for cellular

telephone service that is equipped with short message capability or any similar capability allowing

the transmission of text messages."  RCW 19.190.060(1).  "A 'commercial electronic text

message' means an electronic text message sent to promote real property, goods, or services for

sale or lease." RCW 19.190.010(3).   CEMA's prohibitions apply to those who "initiate the

transmission" of an electronic text message by actually sending it, and also to those who "assist

the transmission" by providing "substantial assistance or support" to those who initiate the

messages. RCW 19.190.010(1) and (7).

5.3      The primary purpose of the commercial text messages sent by Defendants was to

promote the sale of payday loan services.  Thus, their text messages were "commercial electronic

text messages" as contemplated by CEMA.  Additionally, the messages they sent were to

telephone numbers assigned to Washington residents for cellular telephone service that was

equipped with short message capability or a similar capability that allowed the transmission of

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
TCPA,CEMA, AND CPA
PAGE-10
CASE NO.

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

text messages.  The Washington residents who received Defendants' commercial text messages had telephone numbers with Washington area codes.

5.4     Defendants either initiated the transmission of commercial electronic text messages to Washington residents by sending those messages directly, or assisted in their transmission by providing substantial assistance and support to those who initiated the messages. Such substantial assistance and support was through payment for the telephone services which enabled the commercial text messages to be sent; use of telephone numbers assigned to Defendants from which the commercial text messages were sent; provision of and payment for a web site to which recipients of the commercial text messages were directed; and other practices. Accordingly, Defendants committed violations of RCW 19.190.060(1).

5.5     Pursuant to RCW 19.190.030(2), Defendants' conduct as described in Paragraphs 5.3 and 5.4 also violates the Consumer Protection Act.  RCW 19.190.060 (2) provides that a violation of RCW 19.190.060(1) constitutes a per se violation of the Consumer Protection Act.

5.6     As authorized by RCW 19.86.080, the State seeks to enjoin Defendants from further violations of CEMA and the Consumer Protection Act.  The State also seeks to recover damages of $500 per violation of CEMA. RCW 19.190.040(1).  Pursuant to RCW 19.86.140, Plaintiff further seeks an award of civil penalties for each of Defendants' violations of the Consumer Protection Act, in an amount of up to $2,000 per violation.  Plaintiff also seeks recover its costs, including reasonable attorneys' fees, pursuant to RCW 19.86.080.

///

///

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
TCPA,CEMA, AND CPA
PAGE-11
CASE NO.

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

## VI.     THIS COURT'S POWER TO GRANT RELIEF

6.1     The TCPA empowers this Court to enjoin further violations by defendants.   47 U.S.C § 227(g)(1).   This Court is also empowered to award the greater of actual or statutory damages.  47 U.S.C § 227(g)(1).

6.2     The Commercial Electronic Mail Act, RCW 19.190, may be enforced by this Court through pendant jurisdiction.  28 U.S.C. § 1367.  This Court is empowered to award the greater of actual or statutory damages under the Act.  RCW 19.190.040(1).

6.3     The Consumer Protection Act, RCW 19.86, may be enforced by this Court through pendant jurisdiction.  28 U.S.C. § 1367.  This Court is empowered to grant injunctive and such other relief as it may deem appropriate to halt and redress violations of the Consumer Protection Act, including civil penalties and costs and fees.  RCW 19.86.080, RCW 19.86.140.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, STATE OF WASHINGTON, prays that this Court grant the following relief:

        a.     Adjudge and decree that Defendants have engaged in the conduct complained of herein;

        b.     Adjudge and decree that the conduct complained of in Paragraphs 4.1 through 4.4 constitutes violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

        c.     Adjudge and decree that the conduct complained of in Paragraphs 5.1 through 5.6 constitutes violations of the Commercial Electronic Mail

Act, RCW 19.190, and pursuant to RCW 19.190.030(3), constitute per se violations of the Consumer Protection Act, RCW 19.86.

d.  Permanently enjoin Defendants and their representatives, successors, assigns, officers, agents, servants, employees, and all other persons acting or claiming to act for, on behalf of, or in active concert or participation with Defendants from continuing or engaging in the unlawful conduct complained of herein;

e.  Award such relief as the Court finds necessary to redress injury to consumers resulting from Defendants' violations of the Telephone Consumer Protection Act, the Commercial Electronic Mail Act, and the Consumer Protection Act;

f.  Assess a civil penalty, pursuant to RCW 19.86.140, of up to $2,000 for each violation of RCW 19.86.020 caused by the conduct herein;

///

///

///

///

///

///

///

///

///

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
TCPA,CEMA, AND CPA
PAGE-13
CASE NO.

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745

1

2

g.      Award Plaintiff the costs of bringing this action, pursuant to RCW

19.86.080, as well as such other and additional relief as the Court may

3

determine to be just and proper.

4

DATED this 6th day of December, 2012.

5

6

7

Presented by:

8

ROBERT M. MCKENNA
Attorney General

9

10

By:     /s/ Paula Selis

PAULA SELIS, WSBA 12823

11

Assistant Attorney General

Attorney General of Washington

12

800 5th Ave, Suite 2000

Seattle, WA 98104-3188

13

Phone: (206) 389-2514

Fax: (206) 587-5636

14

E-mail: Paula.Selis@atg.wa.gov

*Attorney for Plaintiff State of Washington*

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT FOR INJUNCTIVE AND
ADDITIONAL RELIEF UNDER THE
TCPA,CEMA, AND CPA
PAGE-14
CASE NO.

ATTORNEY GENERAL OF WASHINGTON
Consumer Protection Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7745